UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE A. RODRIGUEZ,

Plaintiff,

-v-

ELBA LIZ, et al.,

Defendants.

25-CV-07200 (JAV)

OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

*Pro se* Plaintiff brings this action against his former union representative, Elba Liz ("Liz"), and his former union, the New York New Jersey Regional Joint Board (collectively, "Defendants"). Defendants now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 6. For the reasons that follow, the motion to dismiss is GRANTED.

**BACKGROUND**

For the purposes of this motion, the Court accepts as true the factual allegations set forth in the Complaint, ECF No. 3-1 ("Complaint" or "Compl."), as supplemented through Plaintiff's additional assertions in the affidavit Plaintiff submitted in opposition to the motion to dismiss, ECF No. 18 ("Affidavit" or "Pl. Aff.").

Plaintiff Jose Rodriguez ("Plaintiff") worked as a tailor and fitter for Burberry for approximately 8 years. Compl., ¶ 1. While employed at Burberry, Plaintiff began "openly embracing [his] sexual orientation." *Id.* This led to

discrimination from a colleague holding a position of authority within Plaintiff's union. *Id.*

Plaintiff began reporting instances of harassment and bullying to Burberry's Human Resources department and his union representative, Raphael Miranda. Pl. Aff. at 1-2. Although the issue was subsequently resolved, Plaintiff alleges that Human Resources labeled his account of events as inaccurate. Compl., ¶ 1.

The alleged discrimination and retaliation from Plaintiff's colleagues escalated in 2019 and 2020. Pl. Aff. at 2; Compl., ¶ 2. Three of Plaintiff's colleagues took his personal property and work tools. Pl. Aff. at 2. In October 2020, Plaintiff was falsely accused of damaging clothes by colleagues. Pl. Aff. at 2. He was struck by a mobile clothing rack in November 2020, Compl., ¶ 2; Pl. Aff. at 2, causing injuries for which he required medical attention. Pl. Aff. at 2.

Plaintiff engaged in a "heated exchange" with a coworker. Compl., ¶ 3. This led to a reprimand by a supervisor. *Id.* Plaintiff was also falsely accused of vandalism. *Id.* These events culminated in Plaintiff's termination from Burberry in August or September 2021. Compl., ¶¶ 1, 3.

Plaintiff contacted his union, Defendant New York New Jersey Regional Joint Board (the "union"), to seek arbitration regarding his termination. Compl., ¶ 3. Plaintiff alleges that the union summarily denied his request for arbitration on the ground of a "purported history of misconduct and unprofessionalism." *Id.*

Defendants have submitted a copy of the communication from union representative Liz denying the request for the union to submit his termination to

arbitration. ECF No. 8-1. The letter, dated October 5, 2021, states that "[t]he Union's attorney reviewed the evidence I developed through the investigation of your case" and concluded that Plaintiff's "well-documented disciplinary record, including a final written warning issued four months before your July discharge, will allow Burberry to demonstrate to an arbitrator that it had just cause to discharge you for poor work performance and lack of professionalism." *Id.*

Plaintiff maintains that Defendants acted negligently and thereby hindered him from filing a timely complaint with the National Labor Relations Board. Pl. Aff. at 3.

**PROCEDURAL HISTORY**

Plaintiff commenced this action in the Supreme Court of the State of New York on July 3, 2025. ECF No. 1 at 5. Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(a) on August 29, 2025. *Id.* at 1-3. Plaintiff filed the instant motion to dismiss on September 5, 2025. ECF No. 6.

On September 15, 2025, the Court issued a scheduling order with respect to the motion to dismiss. ECF No. 11. In that order, the Court set a deadline of October 3, 2025, for Plaintiff to file an amended complaint in response to the motion to dismiss. *Id.* The Court cautioned that Plaintiff may not be given a further opportunity to amend his pleading to address issues raised by the motion. *Id.* The Court subsequently granted Plaintiff an extension of time, until November 3, 2025, to either amend the Complaint or file an opposition to the motion to dismiss. ECF

No. 13. Plaintiff did not amend his pleading or otherwise respond to the motion to dismiss by the extended deadline.

On December 2, 2025, the Court held an initial pretrial conference in this matter. Plaintiff did not appear. On December 3, 2025, the Court issued an order to show cause by December 10, 2025, why the motion to dismiss should not be granted as unopposed, or the case otherwise dismissed for failure to prosecute. ECF No. 16. Plaintiff responded to the order to show cause on December 12, 2025. ECF Nos. 17, 18. Plaintiff did not provide any explanation for his failure to comply with the Court deadlines or appear at the initial pretrial conference.

He did, however, provide his Affidavit in Opposition to the Motion to Dismiss. Pl. Aff.. This affidavit includes new allegations not previously included in the Complaint. *Id.* Defendants filed a reply, in which they opposed Plaintiff's attempt to effectively amend his Complaint after the deadline to do so had passed. ECF No. 19.

## LEGAL STANDARDS

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all factual allegations and draws all reasonable inferences in favor of the non-moving party. *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [the standard] requires more than labels[,] conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The Court's charge in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Jennings v. Hunt Companies, Inc.*, 367 F. Supp. 3d 66, 69 (S.D.N.Y. 2019) (quoting *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 176 (2d Cir. 2004)).

On a motion to dismiss, a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (cleaned up). "Therefore, extrinsic documents may be considered as part of the pleadings if they either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010).

A "pro se complaint . . . [is] interpret[ed] . . . to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (cleaned up). Yet a *pro se* complaint must still "plead sufficient facts to state a claim to relief that is plausible on its face." *Wilder v. U.S. Dep't of Veterans Affairs*, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (citations omitted). "[D]ismissal of a *pro se* claim as

insufficiently pleaded is appropriate only in the most unsustainable of cases." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015).

## DISCUSSION

### A. Consideration of Plaintiff's Affidavit

Defendants urge the Court to ignore the additional allegations included in Plaintiff's Affidavit in opposition to the motion to dismiss. "[B]ecause a *pro se* plaintiff's allegations must be construed liberally[,] it is appropriate for a court to consider factual allegations made in a pro se plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint." *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 448 (S.D.N.Y. 2012) (cleaned up); *accord Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014) (citing cases). The Court therefore will construe any new allegations contained in Plaintiff's Affidavit as part of the pleadings, provided they are consistent with the allegations contained in the Complaint.

### B. Failure to State a Claim

Plaintiff does not assert any specific cause of action in his Complaint. A *pro se* complaint, however, "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[A] *pro se* plaintiff is not required to articulate the appropriate legal theory under which relief may be granted, but instead must only allege sufficient facts to make out an actionable claim." *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d

336, 344 (S.D.N.Y. 2014). The Court therefore liberally construes the Complaint to raise the strongest claims the allegations in the pleadings could support.

In his Complaint, Plaintiff refers to "seek[ing] redress for unjust treatment and targeted harassment." Compl., ¶ 4. In his Affidavit, Plaintiff refers to "discrimination," "harassment," and "union negligence." Pl. Aff. at 3. And in his response to the Order to Show Cause, Plaintiff also states that Defendant Elba Liz "accused me of vandalism, threatened me, harassed me," without any further factual elaboration. ECF No. 17.

In their motion to dismiss, Defendants construe Plaintiff's Complaint to raise only a claim for a breach of the duty of fair representation. ECF No. 7. Yet the Court must interpret Plaintiff's pleadings with special solicitude, in light of his *pro se* status. Plaintiff repeatedly refers to discrimination and harassment that he experienced as a result of his sexual orientation, and to retaliation for his reporting of discrimination to Human Resources and his union representative. Accordingly, the Court reads Plaintiff as raising claims of discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"); the New York State Human Rights Law ("NYSHRL"); and the New York City Human Rights Law ("NYCHRL").

**1. Duty of Fair Representation**

The duty of fair representation is derived from Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Sections 8(b) and 9(a) of the National Labor Relations Act, 29 U.S.C. §§ 158(b), 159(a). *See Vaca v. Sipes,*

386 U.S. 171, 177 (1967); *Morillo v. Grand Hyatt New York*, No. 13 CIV. 7123 JGK, 2014 WL 3498663, at *1 (S.D.N.Y. July 10, 2014). "[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005) (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998)).

Claims for a breach of the duty of fair representation are subject to a six-month statute of limitations. *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995). "The six-month limitations period begins to run when a plaintiff knows or reasonably should know that the union has breached its duty of fair representation." *Id.* (cleaned up). "Once a plaintiff learns of [her] union's breach of its duty of fair representation, the union's subsequent failure to actually represent the plaintiff[] cannot be treated as a continuing violation that precludes the running of the limitations period." *Id.* (cleaned up).

"A statute of limitations affirmative defense normally cannot be decided on a motion to dismiss." *Essex Cap. Corp. v. Garipalli*, No. 17-CV-06347 (JFK), 2018 WL 6618388, at *2 (S.D.N.Y. Dec. 18, 2018). However, "[w]here the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

Plaintiff filed this action on July 3, 2025. Any claims for violation of the duty of fair representation that arose before January 3, 2025, would be time-barred. Yet

Plaintiff alleges in the Complaint that he was terminated in September 2021, and that the union thereafter failed to submit his claim to arbitration. Compl., ¶ 3. Even without considering the letter submitted by the union, it is evident that Plaintiff knew or reasonably should have known long before January 2025 of any breach by Defendants as it relates to his employment with Burberry. Accordingly, the motion to dismiss Plaintiff's claim for breach of the duty of fair representation is granted. *See Cruz v. Loc. 32BJ*, No. 22 CIV. 3068 (PGG) (SDA), 2024 WL 4357036, at *16 (S.D.N.Y. Sept. 30, 2024) ("It is therefore clear on the face of the Amended Complaint that well before October 13, 2021, Plaintiff knew or reasonably should have known about potential fair representation claims premised on these allegations.").

**2. Title VII**

Title VII prohibits labor organizations from discriminating against any individual because of his race, color, religion, sex, or national origin, or from causing an employer to discriminate against an individual on a prohibited basis. 42 U.S.C. § 2000e-2(c). Title VII encompasses discrimination based upon sexual orientation. *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 659 (2020). "A plaintiff asserting a Title VII discrimination claim against a union must show that (1) the union breached its duty of fair representation to plaintiff; and (2) that the union's conduct was motivated by animus toward the plaintiff's protected status." *Kerim v. ABM Indus. Inc.*, No. 24-CV-5599 (MMG) (HJR), 2026 WL 2030234, at *8 (S.D.N.Y. July 13, 2026) (cleaned up).

A Title VII suit against a union cannot be maintained unless "the claims forming the basis of such a suit [are first] presented in a complaint to the EEOC or the equivalent state agency." *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006); *see* 42 U.S.C. § 2000e-5. Title VII claims are barred if not timely exhausted. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001).

Plaintiff has not alleged that he exhausted his administrative remedies by timely filing a complaint with the EEOC. Exhaustion of administrative remedies is an affirmative defense, and not a jurisdictional requirement. *See Hardaway v. Hartford Public Works Dep't*, 879 F.3d 486, 490 (2d Cir. 2018). Accordingly, a plaintiff does not ordinarily have the burden of pleading or providing exhaustion. *Id.* at 491.

The Court is cognizant, however, that Plaintiff did not assert a Title VII claim in his Complaint, nor did he explicitly indicate an intent to pursue a claim under Title VII. Moreover, Defendants have not had an opportunity to address any potential defenses to such a claim.

In light of the unusual procedural posture, Plaintiff shall be provided with an opportunity to submit a letter to the Court to clarify whether he intends to pursue a Title VII claim against Defendants, and if so whether or not he has satisfied the prerequisite to suit under Title VII.

### 3. State Law Claims

The Complaint could also be construed to raise a claim that Defendants failed to adequately and fairly represent Plaintiff in connection with his employment with Burberry either because of his sexual orientation or his protected activity, in violation of the NYSHRL and NYCHRL. Yet any such state law claims are subsumed by the duty of fair representation and thus preempted by federal law.

Section 301 of the LMRA "governs claims founded directly on rights created by collective-bargaining agreements [("CBAs")], and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (cleaned up). Accordingly, "when resolution of a state law claim is substantially dependent upon or inextricably intertwined with analysis of the terms of a CBA, the state law claim must either be treated as a [Section] 301 claim, or dismissed as pre-empted by federal labor-contract law." *Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019) (cleaned up).

A plaintiff may proceed with a state law claim against the union only where "a plaintiff covered by a CBA asserts legal rights *independent* of that agreement." *Id.* at 207 (cleaned up). A state-law claim is "independent" of a CBA when resolving it "does not require construing the collective-bargaining agreement," *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988), or where "[s]tate law—not the CBA—is the source of the rights asserted by [the] plaintiff[]," *Foy v. Pratt & Whitney Grp.*, 127 F.3d 229, 235 (2d Cir. 1997) (cleaned up). Preemption is also not

mandated where a court merely needs to consult a CBA in adjudicating a state law claim. *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) (per curiam).

"[T]he weight of well-reasoned authority in this Circuit finds that claims against a union and its representative under the NY[S]HRL and the NYCHRL are subsumed by the duty of fair representation when the gist of the claim is the failure to represent the plaintiff in a fair and non-discriminatory manner." *Morillo*, 2014 WL 3498663, at *4 (citing cases). Here, the Complaint primarily asserts claims based upon Defendants' failure to submit his termination claim to arbitration. There is no allegation suggesting that Defendants violated his rights independent of their statutory obligation to represent Plaintiff with respect to his employment with Burberry. Accordingly, Plaintiff cannot maintain a claim against Defendants under the NYSHRL or the NYCHRL.

## CONCLUSION

The motion to dismiss the Complaint is GRANTED. By **October 15, 2026**, Plaintiff shall submit a letter to the Court stating whether he intends to pursue a Title VII claim against Defendants, and, if so, whether or not he had, prior to initiating this suit, filed a complaint with the EEOC or other state agency. If he has filed such a complaint with respect to either Defendant, he shall provide the date the complaint was filed and shall attach a copy of the complaint to his letter. The Court will consider such a letter to be an amendment to the Complaint.

If Plaintiff fails to either file this letter by **October 15, 2026**, or seek and obtain an extension of this deadline by the Court, then the Court will close this case without further notice.

The Clerk of Court is instructed to terminate ECF Nos. 6 and 14.

SO ORDERED.

Dated: September 2, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge