UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE A. RODRIGUEZ, Plaintiff, -v- ELBA LIZ, et al., Defendants. | 25-CV-07200 (JAV) ORDER |

JEANNETTE A. VARGAS, United States District Judge:

On September 2, 2026, this Court issued an Order requiring *pro se* Plaintiff to file a letter indicating whether he intended to assert claims against the Defendants pursuant to Title VII, and if so, whether or not he had, prior to initiating this suit, filed an administrative complaint with the EEOC or other state agency. Plaintiff was directed to provide the date the administrative complaint was filed and shall attach a copy of the complaint to his letter. ECF No. 22.

On October 2, 2026, Plaintiff filed a letter indicating that he did intend to pursue claims pursuant to Title VII. ECF No. 23. In his filing, he did not indicate whether or not he had filed an administrative complaint regarding any of the Defendants with the EEOC or any other state agency. *See id.*

A Title VII suit against a union cannot be maintained unless "the claims forming the basis of such a suit [are first] presented in a complaint to the EEOC or the equivalent state agency." *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006); *see* 42 U.S.C. § 2000e-5. Title VII claims are barred if not timely exhausted. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001).

Accordingly, the Court ordered that, no later than **October 26, 2026**, Plaintiff shall show good cause in writing why he should not be denied leave to amend his Complaint to assert a Title VII claim as futile, in light of his apparent failure to exhaust his administrative remedies. He was warned that failure to show such good cause may result in the dismissal of this action.

On October 23, 2026, the Court received Plaintiff's response to the order to show cause. ECF No. 26. Again, Plaintiff failed to state whether he had filed an administrative complaint with respect to any of the Defendants. Nor did Plaintiff offer any argument as to why the administrative exhaustion requirement should be excused. He attached to his submission various documents that appear to pertain to retirement plans and health care benefits that he received while employed by Burberry. Yet these documents are not pertinent to the question of whether he can proceed with a Title VII action, or whether any such amendment of the Complaint would be futile.

In light of the existing record, the Court concludes that permitting Plaintiff to amend his Complaint to include a Title VII claim against the Defendants would be futile. Leave to amend is therefore denied.

As the Court previously granted the motion to dismiss the operative Complaint, *see* ECF No. 22, the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 28, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge